# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:23-cv-00864-RJC-SCR

| | |
|---|---|
| ELIJAH PURANDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     <u>ORDER</u> |
| CITY OF CHARLOTTE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendants City of Charlotte and Jacques Caravaca's Motion to Dismiss, (Doc. No. 3), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 8), recommending that this Court grant Defendants' motion, Plaintiff's Motion to Amend/Correct Complaint, (Doc. No. 9), and other documents of record. The parties have not filed objections to the M&R, and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district

1

court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III.    DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record, and having done so, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in

accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

Plaintiff now seeks leave to amend his Complaint claiming that such relief would serve justice and promote judicial efficiency. (Doc. No. 9 at 3). In its motion, Plaintiff forecasts that he "seeks to clarify facts learned since the filing of the Complaint of Officer Pellicone and the City of Charlotte that due to his acts or omissions while acting in his official capacity as Charlotte Mecklenburg Police Officer and the actions of the John Doe Defendant, were substantial factors in causing the unlawful and unjustified use of force against [Plaintiff] on November 5, 2020 as he was celebrating his eighteenth birthday. Moreover, additional facts have been learned about the custom and pattern of similar allegations of unconstitutional practices of the Charlotte Mecklenburg Police Department that upon information and belief, the City of Charlotte has actual and constructive knowledge." (*Id.*).

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. However, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. *Id.* (citations omitted).

At this stage, the Court notes Plaintiff's failure to provide it with plausible

claims or a proposed amended complaint from which it can determine whether the relief sought should be granted. Accordingly, the Court denies Plaintiff's Motion to Amend/Correct without prejudice to refiling his motion together with a proposed amended complaint that contains all relevant, specific factual allegations that "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). Upon Plaintiff's showing of entitlement to the relief it seeks, this Court will reconsider its request.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 8), is **ADOPTED**;

2. Defendants' Motion to Dismiss, (Doc. No. 3), is **GRANTED**;

3. Plaintiff's Motion to Amend/Correct Complaint, (Doc. No. 9), is **DENIED WITHOUT PREJUDICE** to refiling a renewed motion to amend, attaching a proposed amended complaint, no later than 21 days from the date of this Order.

Signed: September 30, 2024

Robert J. Conrad, Jr.
United States District Judge

4